Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 28 2013, 7:14 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DAVID W. STONE, IV**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LAYNE M. JEFFERSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1211-CR-952 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable David A. Happe, Judge
Cause No. 48C04-1111-FD-2077

**June 28, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Layne M. Jefferson appeals the sentence he received following his conviction of theft as a class D felony, which was entered upon his guilty plea. Jefferson presents the following restated issues for review:

1. Did the trial court give an inadequate sentencing statement?

2. Was the sentence imposed by the trial court inappropriate in light of Jefferson's character and the nature of his offense?

We affirm.

The facts of the underlying occurrence, as admitted by Jefferson at the guilty plea hearing, are that on November 11, 2011, Jefferson shoplifted merchandise from a Dollar General store in Madison County, Indiana. In conjunction with that incident, the State filed an information charging Jefferson with one count of theft as a class D felony, two counts of possession of a controlled substance, both as class D felonies, and one count of resisting law enforcement as a class A misdemeanor. He eventually pled guilty to the theft charge, and the State dropped the remaining charges. Sentencing was left to the trial court's discretion. Following a sentencing hearing, the trial court sentenced Jefferson to three years in the Department of Correction, with one year executed and to be served at a work-release facility, and two years suspended to supervised probation.

1.

Jefferson contends the trial court abused its discretion by neglecting to give an adequate sentencing statement. "[S]entencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State,* 895 N.E.2d 1219, 1222 (Ind. 2008). Our Supreme Court has determined that the trial court must

enter a sentencing statement when imposing a felony sentence and "the [sentencing] statement must include a reasonably detailed recitation of the trial court's reasons for imposing a particular sentence." *Anglemyer v. State,* 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218. In conducting our review, we may glean the trial court's intentions from either the written sentencing statement, the court's comments during the sentencing hearing, or both. *See Corbett v. State,* 764 N.E.2d 622, 631 (Ind. 2002) ("we are not limited to the written sentencing statement but may consider the trial court's comments in the transcript of the sentencing proceedings"). The sentencing statement will be considered adequate if it provides a sufficient basis for appellate review of the sentence. *See Anglemyer v. State,* 868 N.E.2d 482.

Jefferson's specific complaint on this issue is not centered upon the finding of aggravating and mitigating circumstances. Rather, his claim of error is best described in the following excerpt from his appellate brief: "At the sentencing hearing the trial court made [sic] no reasons as to why the maximum sentence was imposed. The court merely said: 'I do have some serious concerns when I look through your [presentence investigation report] here and see your relationship with alcohol and drugs.'" *Appellant's Brief* at 4. He contends the sentencing statement does not include a reasonably detailed recitation of the trial court's reasoning.

To the contrary, the court directed lengthy comments to Jefferson explaining its reasoning. The court first noted Jefferson's extensive history of contacts with law enforcement, culminating most notably in two felony convictions. It also observed that much

of Jefferson's history of criminal behavior was attributable to drug use, either directly or indirectly. The court expressed skepticism at Jefferson's claim that he had conquered his substance-abuse problems and expressed its view that he needed outside help in overcoming his dependency. The court also noted the compelling need to address the issue in light of the fact that Jefferson's girlfriend was pregnant with his first child. Upon this rationale, the court explained that its sentence would include Jefferson's participation in a "very intensive" drug treatment program. *Transcript* at 30. Although the court did impose the maximum three-year sentence for a class D felony, it determined that the first year would be spent on work-release, with the remainder suspended to probation. As conditions of probation, the court ordered Jefferson to apply to the aforementioned drug program for evaluation and, if accepted, to complete it.

The court's sentencing statement does not suffer from the deficiency of which Jefferson complains. The court's lengthy and thoughtful comments to Jefferson in explaining the sentence imposed provides a sufficient basis for our appellate review of the sentence. *See Anglemyer v. State,* 868 N.E.2d 482. Moreover, it easily constitutes "a reasonably detailed recitation of the trial court's reasons for imposing [this] particular sentence." *Id*. at 490. There is no error here.

2.

Jefferson contends his sentence was inappropriate in light of his character and the nature of his offense. Article 7, section 4 of the Indiana Constitution grants our Supreme Court the power to review and revise criminal sentences. Pursuant to Ind. Appellate Rule 7,

4

the Supreme Court authorized this court to perform the same task. *Cardwell v. State*, 895 N.E.2d 1219. Per Indiana Appellate Rule 7(B), we may revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Wilkes v. State*, 917 N.E.2d 675, 693 (Ind. 2009), *cert. denied*, 131 S.Ct. 414 (2010). "[S]entencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State*, 895 N.E.2d at 1223. Jefferson bears the burden on appeal of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073 (Ind. 2006).

The determination of whether we regard a sentence as appropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State,* 895 N.E.2d 1219. Moreover, "[t]he principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Id.* at 1225. Accordingly, "the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *King v. State,* 894 N.E.2d 265, 268 (Ind. Ct. App. 2008) (emphasis in original).

We begin by examining the nature of the offense. The State concedes there was nothing particularly egregious about the nature of this offense, except perhaps for the fact

5

Jefferson admitted that he shoplifted from the Dollar General store while he was under the influence of drugs. This is especially troubling in light of Jefferson's criminal history. At the time he committed the present offense, Jefferson had a prior felony conviction for possession of a controlled substance (2006). In addition, he had misdemeanor convictions for illegal consumption of alcohol (1998), operating a vehicle with a controlled substance in the body (2012), and possession of marijuana (2011). He was also convicted of conversion as a class A misdemeanor. All of these offenses are related in some manner to the present offense.

As the trial court noted, Jefferson has a substance-abuse problem and is prone to committing other offenses while under the influence of drugs or alcohol. He acknowledged that his problem began when he was sixteen or seventeen years old and has continued ever since. Despite the fact that it is a long-term problem, and despite the fact that Jefferson has participated in a substance-abuse treatment program without success, he expressed the opinion at the sentencing hearing that he could overcome his problem without outside help. Moreover, he has not benefitted from previous leniency in sentencing. He has been on probation several times in conjunction with his previous convictions and had three notices of probation violation filed against him. On a fourth occasion, a warrant was issued for his arrest when he violated orders of the court while he was under the supervision of the Delaware County Community Corrections Drug and Alcohol Program in connection with the 2012 conviction of operating a vehicle with a controlled substance in the body.

It is true that the trial court imposed the maximum sentence for a class D felony, in

6

terms of the length of the separate components of Jefferson's sentence. Indeed, Jefferson's challenge upon appeal focuses exclusively upon the length of his sentence. Our Supreme Court has noted, however, that the penal consequences for a convicted defendant extend beyond merely the aggregate length of the sentence. *See Davidson v. State*, 926 N.E.2d 1023 (Ind. 2010). "In imposing a sentence, trial judges may order, for example, suspension of the sentence, probation, home detention, placement in a community corrections program, executed time in a Department of Correction facility, or serving of sentences on multiple convictions concurrently rather than consecutively." *Id*. at 1025. The court may also levy penalties such as restitution and fines. *See Davidson v. State*, 926 N.E.2d 1023. Thus, the Court has stated, App. R. 7 does not limit us to "consider only the appropriateness of the aggregate length of the sentence without considering also whether a portion of the sentence is ordered suspended or otherwise crafted using any of the variety of sentencing tools available to the trial judge." *Id*. at 1025.

Although Jefferson's criminal history is not among the worst we have seen, and there is nothing particularly egregious about this particular offense, the larger picture is troubling. Jefferson has engaged in a long-term pattern of criminal behavior that is closely linked to his substance-abuse problem. He is either incapable or unwilling to overcome his problem without outside intervention. Worse still, he does not acknowledge this fact, but professes belief in his ability to overcome this problem on his own. The particular sentence devised by the trial court here seems especially well-suited to these circumstances. Jefferson must serve a year of executed time, but can maintain employment while doing so. Following that, he

will be on probation for two years. One condition of probation is that he must participate in and successfully complete a "very intensive" drug-treatment program specified by the court. *Transcript* at 30. We conclude that this sentence is specifically tailored with Jefferson's particular history and rehabilitative issue in mind. As such, we cannot say it is inappropriate in light of his character and the nature of his offense.

Judgment affirmed.

ROBB, C.J., and CRONE, J., concur.